# CRUMP *v.* BRENTNER

No. 2884

February 4, 1931.                                    295 P. 441.

*A. A. Hinman,* for Appellant:

*Coleman E. Stewart* and *Harmon & Salter,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This is an appeal from a judgment of nonsuit in an action for the recovery of a broker's commission on the sale of certain real estate.

The appellant, Martha S. Crump, designated the plaintiff, was, at the time mentioned in her complaint, a licensed real estate agent doing business at Las Vegas in Clark County, Nevada. The respondent, L. L. Brentner, designated the defendant, at the time mentioned in the complaint, was a resident of Carpinteria, Cal., and owner of 480 acres of land situate at or near Las Vegas.

The complaint alleges that on the 26th day of December; 1928, the plaintiff entered into the services of the defendant at his request, as agent to sell and dispose of certain land situate in Clark County, Nevada, described in the complaint by its legal subdivisions; that plaintiff negotiated the sale of said land upon the terms and conditions and at the time agreed upon and suggested by the defendant; that the purchaser procured was

then and there able, ready, and willing to complete the purchase upon the terms and conditions fixed and agreed upon; that the plaintiff duly performed all the conditions on her part to be performed, and that by the terms of said contract the defendant agreed to pay the plaintiff for said services the sum of $3,000; that said sum had not been paid, nor any part thereof; and that there is now due the plaintiff by the defendant therefor the sum of $3,000, with interest at 7 per cent per annum, from said 26th day of December, 1928. Wherefore, the plaintiff demanded judgment for said sum and for such other and further relief as the court may deem just and proper.

In support of the allegation contained in the complaint respecting the plaintiff's alleged employment to sell the land in question, the plaintiff, as a witness in her own behalf, adduced in evidence the following telegrams:

"Las Vegas Nev Dec 26 1928

"L L Brentner Carpinteria Cal

"Wire price and terms acreage and price thirty days option

"Martha S Crump"

"Santa Barbara Cal Dec 26 1928

"Mrs. Martha Crump Las Vegas Nev

"Will accept one hundred eight thousand for my four hundred eighty acres terms one third cash balance one and two years seven percent on deferred payment five percent commission one thousand for thirty day option otherwise will do my own subdividing.

"L L Brentner"

In support of the allegations contained in her complaint to the effect that the plaintiff procured a purchaser ready, able, and willing to complete the purchase of the land upon the terms and conditions fixed and agreed upon, the plaintiff testified in substance that on December 31, 1928, she telegraphed the defendant as follows:

"Las Vegas Nev Dec 31 1928

"L L Brentner Carpinteria Cal

"Parties here accept proposition on your four hundred

eighty acres as per your telegram to me of December 26 stop Meet me Trinity Hotel Los Angeles eleven A M Friday January four to go to office for closure stop Wire acceptance and approval of time and place of meeting

"Martha S Crump"

On January 1, 1929, plaintiff telegraphed the defendant as follows:

"Las Vegas Nev Jan 1 1929

"L L Brentner Carpinteria Cal

"Why no answer to my wire December thirty-first I have one thousand dollars deposit in accordance with your wire of December twenty - sixth Please answer immediately

"Martha S Crump"

On January 2, 1929, the defendant telegraphed the plaintiff as follows:

"Santa Barbara Cal Jan 2 1929

"Mrs. Martha Crump Las Vegas Nev

"Offer and authorization to sell my property is withdrawn

"L L Brentner"

The plaintiff, on her examination in chief, testified in substance as follows: That on December 31, 1928, she procured a purchaser for the land in question for the price and upon the terms stated in the defendant's telegram of December 26, 1928, in the person of one A. B. Witcher, who, on or about January 1, 1929, deposited with her $1,000 for an option to purchase the land upon the terms stated in said telegram, and that A. B. Witcher was then and there able, ready, and willing to complete the purchase of the land upon the terms stated in said telegram of December 26, 1928. On her cross-examination the plaintiff was asked:

"Q. Now, if it is true, Mrs. Crump, as you have testified to, that Mr. Witcher accepted Mr. Brentner's terms in his telegram of the 26th, on the 30th of December, 1928, why did you not procure a deposit in the sum of $36,000.00, as an initial payment, instead of the sum of $1,000.00? A. According to the usual real estate

transactions, Mr. Witcher was purchasing the option and he had thirty days to pay the additional $35,000.00.

"Q. Then you were not, at that time, attempting to secure a down cash payment of $36,000.00 from Mr. Witcher? A. Not at that time."

On redirect examination, the plaintiff was asked:

"Q. You were asked a question on cross-examination this morning, why you didn't ask for the balance of $35,000.00 payment—why didn't you? A. Mr. Witcher was to pay the balance of the down payment, which was to be $36,000.00, $1,000.00 down and the balance of $35,000.00 to be paid within thirty days."

A. B. Witcher, a witness for the plaintiff, testified, in substance, as follows: That on December 31, 1928, Mrs. Crump displayed a letter and telegram which convinced him that she had authority to offer him the Brentner tract on certain terms and conditions; that he accepted the offer and agreed to take the tract on the terms and conditions stated; and that on the next day he paid the plaintiff $1,000. The witness was asked:

"Q. I will ask you, if within thirty days after you paid her the $1,000.00, if you were ready, able and willing to pay $35,000.00 as the first payment? A. Yes sir."

The witness further testified that according to his agreement with the plaintiff, he paid $1,000 cash and within 30 days he was to pay $35,000. He testified that he was ready, able, and willing at that time to pay the $36,000 which would be due under the contract. The witness was examined at length as to his financial ability to complete the purchase. He testified that a conservative estimate of his net worth was $20,000, and that his wife was a partner in the deal, and that she was worth approximately $100,000. We note that all of the testimony of Mr. Witcher as to his ability to complete the purchase, both on direct and cross-examination, went in over the objections of counsel for the defendant as being incompetent, irrelevant, and immaterial, and that the evidence was admitted with the understanding that the objections to its admission would be ruled upon when the court came to consider the law of the case.

The witness testified that the plaintiff returned to him his deposit of $1,000 on the 3d day of January, 1929. On redirect examination the witness was asked:

"Q. You stated on cross-examination that you paid $1,000.00 for an option—what did you mean by that? A. I meant that I put down $1,000.00 for Mr. Brentner's Artesian acres—480 acres—I paid $1,000.00 on that deal."

We do not deem it necessary to further review the evidence in order to determine whether or not the judgment of nonsuit should be affirmed or reversed. The record discloses that upon the conclusion of the testimony of the witness Witcher, the plaintiff rested her case. The defendant moved for a nonsuit upon the ground that the plaintiff did not make a sale or procure a purchaser in accordance with her contract of employment, as evidenced by the telegrams which passed between the parties on December 26, 1928, as hereinabove set out.

■ Conceding that defendant's telegram of December 26, 1928, constituted the plaintiff's contract of employment, it is clear that in order for the plaintiff to be entitled to the commission specified therein, or any part thereof, it was her plain duty to procure a purchaser who was ready and able to comply with the exact terms of her contract to make a sale. 4 R. C. L. 313, sec. 52. This the plaintiff did not do.

■■ It will be observed that the offer contained in the defendant's telegram in answer to that of the plaintiff was twofold: One, to accept $108,000 for the land in question, payable one-third in cash and the balance in one and two years with 7 per cent interest on the deferred payments; the other, to give an option for the period of 30 days for $1,000. The plaintiff sought to recover $3,000 as compensation for her services in procuring a purchaser ready and willing to complete the purchase for the price and upon the terms stated, who paid $1,000 to be applied to the purchase price of the land, and as a part of the cash payment of $36,000, the balance of which was to be paid within 30 days from

December 26, 1928. It is manifest that this was not an acceptance of the defendant's offer, as made, and there being no evidence whatever to show that the defendant accepted or ratified the plaintiff's unauthorized act of acceptance of $1,000 from Witcher, to be applied on the sale price, and as a part of the cash payment required, we conclude that the judgment of nonsuit should be affirmed.

It is so ordered.